# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| VIRGINIA FOREST PRODUCTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| UNIWOOD OF NORTH CAROLINA, INC., ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

COMES NOW, the Plaintiff, Virginia Forest Products, LLC, by and through counsel, Joshua S. Ferrell and Ferrell & Brown, PLLC, and for its Complaint against the Defendant and states and avers as follows:

## PARTIES

1. The Plaintiff is a Virginia Limited Liability Company with a principal place of business located at 722 Industrial Park Road, Duffield, Virginia 24244.

2. The Defendant is a North Carolina Corporation with a principal office address of 109 Utley Bluff Drive, Holly Springs, North Carolina 24750.

## JURISDICTION

3. This Court maintains subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Jurisdiction is based on diversity of citizenship, and the amount in controversy exceeds the minimum threshold of $75,000.

## BACKGROUND

4. In or around January 2018, the parties entered into an agreement whereby Plaintiff would supply Defendant with certain types of lumber to be delivered in Lexington, North Carolina.

5. That agreement was entered into at Plaintiff's facility in Duffield, Virginia where the subject lumber was housed.

6. During the course and scope of the agreement, the Plaintiff would submit invoices for the lumber it provided to Defendant.

7. From in or around January 24, 2018, until February 19, 2018, the Plaintiff shipped and invoiced Eighty Thousand Seven Hundred Sixty-Five Dollars and Eighty-Six Cents ($80,765.86) worth of lumber to Defendants.

8. The Defendant accepted the shipments from the Plaintiff without denial or return of any shipment.

9. As of the date of this filing, the Defendant has failed to pay Plaintiff for the lumber it provided under the agreement.

10. Because Defendant has failed to pay Plaintiff the monies owed unto it, Plaintiff has been caused to expend unnecessary attorney fees and costs in collecting the monies owed to it for the lumber it provided unto Defendants.

## COUNT I – BREACH OF CONTRACT

11. Plaintiff incorporates all of the allegations and statements contained in the preceding paragraphs as if stated fully herein.

12. Defendant unilaterally breached the contract it had with Plaintiff by refusing to pay the amount due and owing under the invoices provided for lumber rendered by Plaintiff.

13. Defendant has refused and continues to refuse to pay the amounts owed for the services Plaintiff provided.

14. Defendant received the benefit of Plaintiff's performance under the agreement.

15. The actions of Defendant constitute a breach of the aforementioned contract entered into by the parties.

16. That due to the acts and/or omissions of Defendant, the Plaintiff has suffered financial difficulties and incurred unnecessary attorney fees and costs.

## COUNT II – DECLARATORY JUDGMENT

17. Plaintiff incorporates all of the allegations and statements contained in the preceding paragraphs as if stated fully herein.

18. Based upon the foregoing, Plaintiff respectfully requests the following declaratory judgment:

   a. There was a valid and enforceable agreement entered into by the parties.

   b. Defendant is required to pay Plaintiff in the amount of $80,765.86 for the lumber Plaintiff provided Defendant.

   c. Defendant is required to pay pre-judgment and post-judgment interest on all sums not paid to Plaintiff as a result of the breach of the contract.

   d. Defendant is required to pay any and all fees and/or costs incurred by Plaintiff as a result of prosecuting this action.

## COUNT III: QUANTUM MERUIT

19. Plaintiff repeats and incorporates herein by reference the allegations contained in the preceding Paragraphs of this Complaint as if set forth herein verbatim.

20. Plaintiff rendered valuable services to Defendants in the form of selling and causing lumber to be delivered Defendant.

21. Notwithstanding the above, Defendants accepted the services rendered by the Plaintiff and. all the while, Defendant knew, or had reason to know, that Plaintiff expected to compensated for the services it provided.

22. Further, under such circumstances, Defendant was reasonably notified by the Plaintiff, and Defendant agreed, that the Plaintiff provide services under the parties' agreement, and that Plaintiff would be compensated for services provided.

23. Relying on the above agreement, Plaintiff provided the requested services to Defendant.

24. Defendant's actions above breached an expectancy of payment by the Plaintiff for the services rendered as part of the parties' agreement.

25. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, financial harm and incurred unnecessary fees and/or cost as a result of prosecuting this action.

Wherefore, your Plaintiff moves this Honorable Court to:

   a. Enter a judgment for Plaintiff in the amount of $80,765.86, plus pre-judgment and post-judgment interest;

   b. Award attorney fees and cost expended in this action to the extent permitted by law; and

    c. Such other and further relief the nature of this case may require or the Court deems proper.

**A JURY TRIAL IS DEMANDED.**

Virginia Forest Products
By Ferrell & Brown, PLLC:

/s/ Joshua S. Ferrell
Joshua S. Ferrell (Va. Bar Id. No. 78477)
Ferrell & Brown, PLLC
160 E. 2nd Ave.
Williamson, West Virginia 25661
304-235-5674 (Telephone)
304-235-5675 (Facsimile)
josh@ferrellandbrown.com (email)

## VERIFICATION OF COMPLAINT

STATE OF __WV__

COUNTY OF __Mingo__ TO-WIT:

This day appeared before me __Everette Hannah__, affiant, who having first been duly sworn, deposes and states that the facts and allegations contained in the foregoing document(s) are true to the best of his/her knowledge, belief, and information.

_____
AFFIANT

Taken and subscribed, and sworn to before me in my aforesaid County and State on the __21st__ day of __September__, 2018.

My commission expires: __March 19, 2023__

_____
Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
TRACIE MEADOWS
61 HAPPY HILL ROAD
WILLIAMSON, WV 25661
My Commission Expires MARCH 19, 2023